UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELLY A. WHALEN,

        Plaintiff,

vs.                                CASE NO: 2:04-cv-477-VMC-SPC

JO ANNE BARNHART
Commissioner of Social Security,

        Defendant.
_____

**REPORT AND RECOMMENDATION[1]**

This matter comes before the Court on the Plaintiff Kelly Whalen's Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. # 1) filed on September 23, 2004. The Plaintiff filed her Memorandum of Law in Support of the Complaint (Doc. #18) on May 9, 2005. The Commissioner filed her Memorandum of Law in Support of the Commissioner's Decision (Doc. #18) on June 7, 2005. Thus, the Motion is now ripe for review.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1]This Report and Recommendation addresses only the issues brought up for review by the District Court pursuant to 28 U.S.C. § 405(g).

# FACTS

## *Procedural History*

The Plaintiff filed her application for Disability Insurance Benefits on March 20, 2001. (Tr. 47-49). This application was denied initially and upon reconsideration. (Tr. 37-44). The Plaintiff requested an administrative hearing. (Tr. 45). On August 5, 2002, a hearing was held before the Honorable Dores D. McDonnell, Sr., Administrative Law Judge (ALJ). (Tr. 249-264). On November 4, 2002, the ALJ issued a decision denying the Plaintiff's application for benefits. (Tr. 10-19). A timely request for review was filed with the Appeals Council. On August 27, 2004, the Appeals Council issued a decision denying the Plaintiff's request for review. (Tr. 2-5). As a result, the ALJ's decision became the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), the Plaintiff now seeks judicial review of the Commissioner's final decision.

## *Plaintiff's History*

The Plaintiff was born on February 2, 1967 making her thirty-five (35) years old at the time of the hearing and is considered a "younger individual". She has a high education and some college but no additional degrees or certificates. (Tr. 253). The Plaintiff has a past work history as a travel agent, customer service worker, and clerical worker. (Tr. 13-14). The Plaintiff alleges disability due to the loss of the use of her right hand, limited use of her right arm, and pain upon standing, sitting and walking.

## *Medical History*

The Plaintiff alleges that she became disabled on February 12, 2000 from injuries sustained in a motor vehicle accident on November 25, 2005. (Tr. 14). She noted left shoulder pain following the impact. (Tr. 87). The Plaintiff presented to her primary treating physician, Dr.

Robert Miles. (Tr. 129-136). Dr. Miles assessed that the Plaintiff suffered cervical strain, muscle spasms and a contusion to the left shoulder. (Tr. 136). He prescribed medication as treatment. (Tr. 135-136). During a follow-up appointment, Dr. Miles discussed an MRI with the Plaintiff which was ordered on January 5, 2000. (Tr. 133). The MRI results showed minimal diffuse bulging of the annulus at the C5-6 level with no focal protrusion of disc herniation. (Tr. 146). Further, the other intervertebral discs showed no bulging of the annulus or focal protrusion of disc herniation and no central or neural foraminal stenosis. (Tr. 146). Additional records indicated that the Plaintiff also had a history of migraine headaches. (Tr. 15, 137-145).

The Plaintiff continued orthopedic treatment with Dr. H.D. Wassel from January 2000, through October 2000, to address complaints of continued pain in her neck and back, and tingling sensations in her right hand. (Tr. 15; 94-124). Dr. Wassel referred the Plaintiff to Dr. Vincent DiCarlo between March and May 2000. (Tr. 87-95). Dr. DiCarlo's initial impression was that the Plaintiff suffered from cervical strain/sprain, ulnar nerve entrapment at the elbow, and a disc bulge at C5-6. (Tr. 94). The Plaintiff's range of motion in the neck was limited to 30 degrees. (Tr. 93). He indicated further treatment was reasonable and necessary. (Tr. 94).

On May 2, 2000, the Plaintiff was seen by Dr. Rosanna Garner, M.D., an associate of Dr. DiCarlo. (Tr. 87-89). Dr. Garner assessed that the Plaintiff had a high level of symptoms and implemented a treatment plan to increase range of motion and decrease pain. (Tr. 90-91).

The Plaintiff received care from Trillium Pain Management Centers with Dr. Susanti K. Chowdhury, M.D. from March 16, 2000 through June 15, 2001. (Tr. 15, 156-190). During this time, the Plaintiff complained that her pain was constant, rating anywhere from a 6 on a scale of 10 to a 10 out of 10. (Tr.156-190). Dr. Chowdhury's assessments consisted of myofascial pain

syndrome, lumbar radiculopathy, cervical radiculopathy, and nicotine and tobacco abuse. (Tr. 156-190). The Plaintiff consistently presented to Dr. Chowdhury non-distressed and adequately groomed. (Tr. 156-190). The Plaintiff was treated with Percoset, Soma and Elavil and was presented with the option of epidural steroid injections. The Plaintiff indicated that she would think about the injections, but was afraid of needles. (Tr. 164-165). Dr. Chowdhury noted that the Plaintiff continued to smoke cigarettes. (Tr. 156-190).

The Plaintiff continued care with Dr. Chowdhury with Advanced Pain Management Centers, Inc. beginning August 2001. (Tr. 192-223). Dr. Chowdhury noted that the Plaintiff began school for funeral services. (Tr. 204). The Plaintiff advised Dr. Chowdhury that school was "somewhat difficult". (Tr. 202). Dr. Chowdhury continued to manage the Plaintiff's pain with medication (Tr. 192-223).

*Administrative Law Judge's Decision*

Upon consideration of the record, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 18). The ALJ found that the Plaintiff has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R § 404.1520(b), however, the ALJ found that the medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 18). The ALJ stated that after careful consideration of all the medical opinions in the record regarding the severity of the Plaintiff's impairments, the Plaintiff's allegations regarding her limitations were not totally credible. (Tr. 18). The ALJ found that the Plaintiff has the residual functional capacity to perform a wide range of sedentary work. (Tr.18). The ALJ determined that the Plaintiff is unable to return to her past

relevant work. (Tr. 18). Further, the ALJ found the Plaintiff was a "younger individual", has "more than a high school (or high school equivalent) education", and has no transferrable skills from any past relevant work. (Tr. 18). The ALJ found that based upon the exertional capacity for sedentary work, the claimant's age, education and work experience, the Medical-Vocational Rule 201.27 and 201.28, Appendix 2, Subpart P, Regulations No. 4 directed a conclusion of "not disabled". (Tr. 18). The ALJ found that the Plaintiff's capacity for sedentary work is substantially intact and has not been compromised by any non-exertional limitations. (Tr. 18). Thus, as directed by the Medical-Vocational Rule 201.27 and 201.28, the Plaintiff was found to be not disabled under the Social Security Act.

## THE STANDARD OF REVIEW

### A. Affirmance

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed 2d 842 (1971). In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations[2]. See 20 C.F.R. §§

---

[2]The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability.  The steps are as follows:
   *Step 1*.  Is the claimant engaged in substantial gainful activity?  If the claimant is engaged in such activity, then he or she is not disabled.  If not, then the ALJ must move on to the next question.
   *Step 2*.  Does the claimant suffer from a severe impairment?  If not, then the claimant is not disabled.  If there is a severe impairment, the ALJ moves on to step three.
   *Step 3*.  Does the claimant's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, then the claimant is disabled.  If not, the next question must be resolved.
   *Step 4*.  Can the claimant perform his or her former work?  If the claimant can perform his or her past relevant work, he or she is not disabled.  If not, the ALJ must answer the last question.

404.1520(a), 404.920(a). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla-*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)); Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 585 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.3d 1356, 1458 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

The court "may not decide the facts anew, reweigh the evidence or substitute it's judgment for that of the [Commissioner]."Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F. 3d 1436, 1440 (11th Cir. 1997).

### B. Reversal and Remand

---

*Step 5*. Can he or she engage in other work of the sort found in the national economy? If so, then the claimant is not disabled. If the claimant cannot engage in other work, then he or she is disabled. See 20 C.F.R. §§404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995) (per curiam).

Congress has empowered the district court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405 (g)(Sentence Four). The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). This Court may reverse the decision of the Commissioner, and order an award of disability benefits, where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). The district court may also remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405 (g); under sentence six of 42 U.S.C. § 405 (g); or under both sentences. Jackson v. Chater, 99 F.3d 1086, 1089 - 92, 1095, 1098 (11th Cir. 1996).

To remand under sentence four, the district court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Jackson, 99 F.3d at 1090 - 91 (remand appropriate where ALJ failed to develop a full and fair record of claimant's residual functional capacity); Davis, 985 F.2d at 534 (remand to the Secretary is warranted where the ALJ has failed to apply the correct legal standards). Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. Falcon v. Heckler, 732 F.2d 827, 830 (11th Cir. 1984). (remand was appropriate to allow ALJ to explain the his basis of his decision).

7

On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence upon a showing that there is new evidence which is material and that there was good cause for the failure to incorporate such evidence into the record during a prior proceeding. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983)(finding ALJ error and remanding to consider psychiatric evaluation); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (remanding on the grounds that it is reversible error for the ALJ not to order a consultative examination when warranted). After a sentence-four remand, the district court enters a final and appealable judgment immediately, and then loses jurisdiction. Jackson, 99 F.3d at 1095.

In contrast, a sentence-six remand may be warranted even in the absence of an error by the Commissioner if new, material evidence becomes available to the claimant. Jackson, 99 F.3d at 1095. Sentence six of § 405 (g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405 (g) (sentence six). To remand under sentence six, the claimant must establish: 1.) that there is new, non-cumulative evidence; 2.) that the evidence is material — relevant and probative so that there is a reasonable possibility that it would change the administrative result; and 3.) there is good cause for failure to submit the evidence at the administrative level. Jackson, 99 F.3d at 1090 - 92; Keeton v. Dept. of Health and Human Serv., 21 F.3d 1064, 1068 (11th Cir. 1994). With a sentence-six remand, the parties must return to the district court after remand to file modified findings of fact. Jackson, 99 F.3d at 1095. The district court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand

8

proceedings.[3] Id.

## ANALYSIS

The Plaintiff asserts that the ALJ erred in the denial of her claims. As grounds, the Plaintiff states that: (1) the ALJ failed to properly articulate his reasoning for discrediting the Plaintiff's pain testimony and (2) the ALJ erred in assigning an RFC for a full range of sedentary work. The Defendant responds that the ALJ's decision was supported by substantial evidence and decided by the proper legal standards and should therefore be affirmed.

### *(1) Whether the ALJ Properly Articulated His Reasoning for Discrediting the Plaintiff's Pain Testimony*

Pain is a non-exertional impairment. Id. at 1559. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g. medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423 (d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard." Foote, 67 F.3d at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2)

---

[3]1The time for filing an application for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ["EAJA"] differs in remands under sentence four and sentence six. Jackson, 99 F.3d at 1089, 1095 n.4 and surrounding text. In a sentence-four remand, the EAJA application must be filed after the entry of judgment before the district court loses jurisdiction. **Id.** In a sentence-six remand, the time runs from the post-remand entry-of-judgment date in the district court. Id.

objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Pain alone can be disabling, even when its existence is unsupported by objective evidence, Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423 (d)(5)(A).

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Foote, 67 F.3d at 1561-62; Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Hale v. Bowman, 831 F.2d 1007, 1012 (11th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986). As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. Foote, 67 F.3d at 1561-62; Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d at 1562 (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir.1983)

(although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

In the instant case, the Plaintiff argues that the ALJ's reference to the Plaintiff's school attendance to discredit her pain testimony was inappropriate because it does not provide an accurate view of the Plaintiff's participation or lack thereof and it does not reflect full time work activity. The Plaintiff also argues that the ALJ erroneously discounted the Functional Capacity Evaluation (Tr. 76-85) stating that it was based upon the Plaintiff's subjective complaints of pain rather than objective medical evidence in the record. (Tr. 16). Lastly, the Plaintiff argues that the ALJ failed to consider the Plaintiff's consistent intake of mediation and its side effects.

Here, as one of the grounds for discrediting the Plaintiff's pain testimony, the ALJ points to the Plaintiff's daily activities and demeanor during a majority of the visits to Dr. Chowdhury, including "going to school and attended classes". (Tr. 16). In his decision, the ALJ stated that the Plaintiff's allegations are not fully credible and as grounds, wrote the following:

> Specifically, there is no evidence to support a conclusion that the claimant needs to change positions to the point that she could not tolerate an eight hour day. The claimant was going to school and attending classes, and was noted to be in no acute distress, alert and oriented, and doing fairly well, by her treating doctor. Dr. Chowdhury reported that her gait was smooth and symmetrical. Respirations were unlabored. Response to questioning was appropriate. She was non-distressed (Exhibit 8F). This would refute the claimant's assertions of pain on a level of 7-10, 100% of the time. Her testimony of severe constant pain is not credible. The conclusions drawn in the functional capacity evaluation of April 11, 2002, (Exhibit 7E) are obviously predicated on her subjective complaints as to the need to change positions so frequently as to preclude an eight hour day. There is no documentation in the treatment records to support this subjective statement. The record shows that the claimant attends school and drives. If her pain was a seven or eight on a scale of intensity ranging from one to ten, the claimant would have had more pallative treatment. The claimant would have submitted to surgery.
>
> While it is true that pain can be disabling an individual's statement as to pain is not itself

conclusive of disability.  42 U.S.C. § 423 (d)(5)(A); <u>Marbury vs. Sullivan</u>, 957 F.2d 837, 839. Clearly, the ALJ discussed the medical evidence regarding the Plaintiff's pain in his decision and determined that the medical records contained no objective medical evidence to support a finding of disabling pain.

In addition to reviewing the Plaintiff's medical records, the ALJ indicated that the Plaintiff's daily activities were inconsistent with her complaints of extreme pain 100% of the time. The ALJ concluded that the Plaintiff attends schools and continues to drive.  Although the Plaintiff testified to incurring a lot of absences, she explained that with "extra hard work" she was able to pass.  Since the medical evidence did not support a finding of disabling pain, the ALJ determined that the Plaintiff was not disabled.  (Tr. 17-18).

The Plaintiff contends that the ALJ refused to give credit to the Functional Capacity Evaluation completed on April 11, 2002.  (Tr.  76-83).  As noted above, the ALJ states in his decision that the conclusions drawn in the evaluation were based upon the Plaintiff's subjective complaints  "as to the Plaintiff's need to change positions frequently".  However, the ALJ points to the treatment records which do not reveal documentation that would support the Plaintiff's subjective statement.  Further, the ALJ does not indicate that he discounted the objective findings within the Functional Capacity Evaluation, but rather the subjective statement of needing to change positions frequently.

Furthermore, in accord with the Eleventh Circuit Pain Standard, the Plaintiff must satisfy three requirements consisting of:  (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can

be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

Using the Holt standard, the Plaintiff satisfies the first prong of the standard by showing evidence of myofascial pain syndrome, lumbar radiculopathy, and cervical root injury. However, the Plaintiff fails to satisfy the second or third prong of the standard.  The objective medical evidence does not support the Plaintiff's allegations of intense disabling pain 100% of the time. The ALJ noted that the Plaintiff consistently presented to Dr. Chowdhury non-distressed, alert and oriented.  (Tr. 16). Her gait was smooth and symmetrical.  (Tr. 16).  The ALJ, noted that Plaintiff attended school, and that she continued to drive, which indicate that the Plaintiff's daily activities do not reflect disabling pain.

The treatment records indicate that the Plaintiff managed her pain with medication which the Plaintiff reported was helping her. (Tr. 162).  Despite the Plaintiff's contention that the medication precludes her from functioning, the Plaintiff reported activities such as  travelling out of town, running errands, attending classes, and engaging in activities such as boating and fishing. (Tr. 183, 196, 200);Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005) (holding that daily activities can be used as a measure of the Plaintiff's credibility in regard to his ability to perform certain job related tasks). As the ALJ points out, the Plaintiff reported that she was "doing fairly well" with compliance with the regimen of medications.  (Tr. 15, 194).

Therefore, the ALJ's finding that the Plaintiff's subjective complaints of disabling pain were not credible because the Plaintiff's daily activities and demeanor failed to support her claims and the Plaintiff's testimony was inconsistent with the medical evidence is supported by substantial evidence and the Court will not disturb the finding.  Parker vs. Bowen, 788 F.2d. 1512

13

(11th Cir. 1986).

### *(2) Whether the ALJ Erred in Assigning the Plaintiff an RFC for Sedentary Work*

The RFC is an assessment which is based upon all the relevant evidence of a claimant's remaining ability to do work despite his impairments. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). The determination of RFC is within the authority of the ALJ and along with the Plaintiff's age, education, and work experience the RFC is considered in determining whether the claimant can work. Lewis, 125 F.3d at1440 (citing 20 C.F.R. § 404.1520(f)). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the providence of the Commissioner. 20 C.F.R. § 404.1527 (e).

Here, the Plaintiff argues that the ALJ's determination that the Plaintiff can perform a full range of sedentary work was not supported by the record based upon the Plaintiff's need for position change. The Defendant argues that the Plaintiff failed to meet her burden in providing evidence to support her allegation of disabling pain and other symptoms.

Based upon the medical evidence and the testimony provided at the hearing, the ALJ found the Plaintiff capable of performing the exertional demands of sedentary work. Sedentary work includes lifting no more than 10 pounds frequently, and occasionally lift and carry articles like docket files, ledgers, and small tools, involves sitting with walking and standing often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567.

In making his determination, the ALJ noted:

> [O]ne State Agency doctor indicated the medical evidence revealed "no severe" impairments, and another opined that she could do a full range of light work. Giving the claimant's allegations some credibility, the undersigned concludes that in spite of her complaints of severe, unrelenting pain 100% of the time, she could do a wide range of sedentary work, and her complaints of pain would not further erode that functional capacity. There is no clinical, lab or physical findings in the treatment records to support the statement that she must change positions, due to pain, so frequently, as to preclude all work.

The ALJ points to the State Agency physician who completed a physical residual functional capacity assessment. (Tr. 148-155). The State physician opined that the Plaintiff could lift twenty (20) pounds occasionally, ten (10) pounds frequently, stand and/or walk about six (6) hours in an eight (8) hour workday, sit for about six (6) hours in an eight (8) hour workday with no restrictions on pushing and/or pulling. Therefore, the Plaintiff was found to be capable of performing light work. However, the ALJ, in lending some weight to the Plaintiff's subjective complaints of pain and considering the Plaintiff's age, education and past work experience, found that the Plaintiff's pain did not preclude her from performing the exertional demands of sedentary work.

Where the Plaintiff does not provide the medical information necessary to enable the ALJ to make a determination regarding the alleged impairment, the ALJ will make a decision on the evidence presented. 20 CFR § 404.1516. It is well established that the Plaintiff bears the burden of proving that he is disabled and consequently, he is responsible for producing medical evidence in support of his claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)). The Plaintiff's mere allegation that he has an impairment without providing any medical support is not sufficient. Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(c)

15

stating claimant must provide medical evidence showing that he has an impairment and how severe it is during the time the claimant says he is disabled). The correctness of the ALJ's decision depends on the evidence that is before him. He cannot be faulted for having failed to weigh evidence that was never presented to him during the hearing or thereafter. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998).

As stated by the ALJ, the medical record lacks clinical, lab or physical findings that would support the Plaintiff's allegation of such extreme pain. The record demonstrated that the ALJ considered the Plaintiff's impairments in combination and still found her not disabled. The ALJ's determination is supported by the evidence in the record, and the Court may not second guess his determination nor substitute its findings for that of the ALJ. Bloodsworth, 703 F.2d at 1239. Thus, the Court will affirm the ALJ's determination regarding the Plaintiff's RFC to work an unrestricted level of sedentary work.

Accordingly, it is now respectfully

**RECOMMENDED:**

The Decision of the Administrative Law Judge should be **AFFIRMED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida on __3rd__ day of August, 2005.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:

Counsel of record
MJCD